The Grand Tower Mining, Manufacturing and Transportation Company *et al.*

*v.*

Mary E. Cady *et al.*

*Filed at Mt. Vernon October 2, 1880.*

1. DEMURRER—*confesses allegations of bill.* A party by demurring to a bill in chancery confesses all the material allegations of the bill, and if that shows a right of relief as against such party, he can not avail of the evidence taken in favor of another party who answers the bill, and a decree based on the facts stated in the bill will be affirmed as to such party demurring.

2. CONVEYANCE—*by father to his minor children passes title.* Where a father in his lifetime conveys property to his minor children by a warranty deed, the fact that he keeps the custody of the deed as long as he lives, will not divest the minors of the title they thus received, and the destruction of the deed by the administrator of the father's estate, fraudulently, and the sale of the premises under fraudulent proceedings for partition by the other heirs, will not divest such title, and minors may have such sale set aside as against a purchaser with notice of their rights.

3. ERROR—*party not injured can not complain.* A party to a suit whose interest is not affected by the decree, and against whom no costs are awarded, and who is deprived of no rights whatever, will not be heard to complain of the decree.

APPEAL from the Circuit Court of Jackson county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

This is a suit in chancery, instituted in the circuit court of Jackson county, March 6, 1874, by Mary E. Cady and Martha J. Mankin.

The bill alleges that complainants were the two youngest children of Thomas Whitson, formerly of that county, who

died intestate about the 11th of August, 1864, and that they were the only children of his second wife; that at the time of his death he was near 80 years of age, and that he had, when living, nine other children by a former wife, and that he lived to raise all his children except the complainants; that each one of his said nine children by his first wife married off and left the family roof; that their father conveyed to them lands, or purchased for them lands with his own money, and took the title to the children and furnished each of them as they left home a sufficient and valuable home, besides giving them large sums of money and other personal property; that before his death he became embarrassed financially, and his wealth was more limited than in former times; that when he died his personal effects were barely sufficient to pay his funeral expenses; that for several years prior to his death the only land which he owned was a farm described as the south-west fractional quarter of section 13, and the south-east quarter of section 14, in township 10, south of range 4 west, in said county, comprising about 174 acres, about 100 acres of which were in cultivation; that the mother of complainants died four or five years prior to the death of their father, and that their father resided with complainants upon the land in question at the time of his death.

The bill further alleges that their father, a short time prior to his death, some time in July, 1864, for the purpose of doing in behalf of complainants what he had done for each of his elder children, and for the natural love and affection which he bore toward complainants, *did* deed and *convey* to them, by warranty deed, in fee simple, the land described in the bill; that complainants at that time were small, helpless, inexperienced and uninformed children, entirely dependent upon and subject to their father; that they had no separate or individual property of any kind; that they had no knowledge of the right of possession of property; that Mary was born in 1854, and Martha in 1856; that Mary is now married to George Cady, and Martha to Frank Mankin.

The bill further alleges that after making the deed to complainants he took it to his own house, where he was then residing and keeping house, and deposited the same with other papers, where they might safely remain and be found after his decease; and that on or about the 10th of August, and after the execution and acknowledgment of the deed in the July previous, their father suddenly died; that after the death of their father, his son, Berry B. Whitson, was appointed administrator of his estate, and as such administrator came into and took possession of all the personal effects of their father, and among other things, took possession of and secured the deed mentioned above, and took actual possession thereof, and expressed it as his intention to file the same with the Recorder of Jackson county, Illinois, and have the same duly recorded; and that afterwards he suppressed the deed, and he, or some of his confederates in fraud and oppression towards complainants, burned or otherwise destroyed it, believing and hoping that complainants would never be able to inquire into the legality of such conduct, and that thereby the other heirs of said Thomas Whitson, including the said Berry B. Whitson, who destroyed the deed, would come in and share in the said lands of complainants.

The bill further charges that in pursuance of said fraudulent conduct on the part of Berry B. Whitson, and his confederates in fraud, all the other heirs of Thomas Whitson, deceased, set up a claim to said land, and claimed to be tenants in common with said complainants, claiming that the land had descended to them and complainants in common, according to the statute of descents; that in pursuance of this false and unjust claim, Ezra Biers, pretending to own one undivided 44th part of the land in question, as a grandchild of the said Thomas Whitson, deceased, at the May term of that court in 1865, filed a bill for partition of this land, together with 127 acres more of cheap and worthless land, upon which the said Thomas Whitson at the time of his death held some kind of claim; that in that suit the several heirs of

Thomas Whitson, deceased, including the surviving children
and grand children, and great-grandchildren, were made
parties, (giving the names of the parties), and among them
the complainants, who were minors, were made parties; that
such proceedings were had that, at the May term of 1866, a
decree of partition was made by the court, being entered by
default, and commissioners were appointed to make the par-
tition; they reported the property incapable of division, and
thereupon the court decreed that the lands should be sold,
and they were sold on the first of October, 1866, and the
appellant corporation (the name of which at that time was
The Mount Carbon Coal and Railroad Company) became the
purchaser of the land claimed here by complainants; that
report of the sale was made to the court, and the same was
approved by the court, and the distribution of the proceeds
was ordered among the respective parties in interest as set
forth in the decree.

The bill charges that the land at that time sold, really and
in law and equity belonged to the complainants in common,
and that the appellant corporation, long before the pretended
sale under the partition proceedings, had taken actual and
exclusive possession of the land and buildings, and have con-
tinued to occupy and claim the exclusive right of possession
thereto, and now remain in the actual possession thereof, to
the exclusion of the legal rights of complainants.

The bill charges that this corporation was warned and
notified, through its agents and attorneys, of the rights of
complainants long before it acquired any pretended interest
in these lands, and was also notified of the fraud of Berry
B. Whitson, and his confederates, in purloining and then
destroying the title deed of complainants; that the corpora-
tion disregarded this warning, and by its agents entered into
a combination and confederation with those who were endea-
voring to defraud complainants by depriving them of the
benefits of this conveyance from their father.

The bill charges that their deed to this land, so made by their father in his lifetime, was fraudulently surreptitiously and unlawfully abstracted from the papers of their father, by Berry B. Whitson, or some of his confederates in fraud and injustice towards the complainants; that the deed has since been secretly destroyed or concealed, for the sole purpose of defrauding complainants out of their just rights in and to the land, and of enabling the elder brothers and sisters to come in and enjoy the land and estate and property of complainants.

And that the entire proceeding for the partition of this land was procured by the parties who conducted the suit, with the full knowledge of the rights of complainants, and for the purpose of depriving them of their rights in this regard.

The prayer of the bill is for a decree adjudging that complainants are seized in fee, as tenants in common, of the land in question, and asking that the decree for partition and proceedings thereunder be declared void in relation to complainants; and that conveyances made in pursuance thereof be set aside, and that Berry B. Whitson be required to surrender to complainants their deed, if in his possession and control, and all title papers relating to said land which may be in his possession, and that the defendants be enjoined and restrained from setting up any right or claim to the land in question; and that complainant may be placed in possession of the land.

To this bill the appellant corporation filed a demurrer, which was overruled. Berry B. Whitson answered the bill, denying the making and delivery of the deed by Thomas Whitson, as claimed in the bill, and denying that he had ever seen it, and positively denying the destruction of it by him, and all allegations of fraud.

Replication was filed, proofs taken and a decree was entered by the circuit court, declaring the complainants to be the true owners of the property in question—directing that they be put in possession thereof—and that the master make to

them a deed, to take the place of that made to complainants by their father, and directing that the appellant corporation pay the costs.   There is no direct decree against any of the other defendants.

This cause is brought here by appeal by the corporation, and by Berry B. Whitson.

Mr. Thomas G. Allen, and Mr. C. H. Layman, for the appellants:

Preliminary to any relief under bill to remove a cloud upon title, it must be shown complainant is the owner of the real estate in controversy.   *Wing et al.* v. *Sherrer*, 77 Ill. 203 ; *Hodgen et al.* v. *Guttery*, 58 id. 438 ; *West et al.* v. *Schnebly*, 54 id. 523 ; *Rucker* v. *Dooley et al.* 47 id. 377.

And when title is shown, the court will grant no further relief than to decree the removal of what is shown to be a cloud upon the title.   *Cornwell* v. *Watkins et al.* 71 id. 489.

Where a deed is retained in the possession and under the control of the grantor until the time of his death, no subsequent delivery of the deed will invest the grantee with the title.   The deed must take effect, by delivery, within the lifetime of the grantor, or it will be held inoperative to pass the title.   *Wiggins* v. *Lusk*, 12 Ill. 135 ; *Bryan et al.* v. *Wash et al.* 2 Gilm. 557 ; *Masterson et al.* v. *Cheek et al.* 23 Ill. 73 ; *Dale et al.* v. *Lincoln*, 62 id. 22 ; *Rivard et al.* v. *Walker et al.* 39 id. 413 ; *Walker* v. *Walker et al.* 42 id. 311 ; *Gunnell et al.* v. *Cockerill et al.* 79 id. 81; *Partridge et al. and Wells & Co.* v. *Chapman et al.* 81 id. 140; *Hoig et al.* v. *Adrian College,* 83 id. 267; *Priestman* v. *Baker*, 30 Wis. 644.

The following are some of the authorities which hold that if the deed is subject to be recalled by the grantor before delivery to the grantee, it is no delivery on the part of the grantor.   *Shirley's Lessee* v. *Ayres*, 14 Ohio, 317; *Fitch* v. *Bunch*, 30 Cal. 213 ; *Berry* v. *Anderson*, 22 Md. 36 ; *Cook* v. *Brown*, 34 N. H. 450; *Hawkes* v. *Pike*, 105 Mass. 560; *Jackson* v. *Inabinit*, 2 Hill Ch. 411.

If it had been shown there was a delivery of· the deed, and that it was afterwards destroyed, as alleged in the bill, the separate demurrer of the Grand Tower Mining, Manufacturing and Transportation Company should have been sustained, because the rule is, a court of equity will not interfere to aid a party who has a remedy at law. *Lomax* v. *Dore et al.* 45 Ill. 331; *Fahs et al.* v. *Roberts et al.* 54 id. 194.

The bill shows that the company is in the actual adverse possession of the lands in question, and the averment is that the company's asserted title is absolutely void. The complainants furthermore aver that they are invested with the legal title. What is thus stated in the bill is binding on the complainants. They can not avoid the effect of their own admissions. Dan. Ch. Pr. vol. 2 p. 834; 2 Smith's Lead. Cases, 687; *Prescott* v. *Fisher et al.* 22 Ill. 392.

The allegation in the bill that the complainants' deed was ·lost constitutes no such equity as to give chancery jurisdiction. *Daniel* v. *Green et al.* 42 Ill. 472; *Strubher et al.* v. *Belsey,* 79 id. 307; *Lewis* v. *Cocks,* 23 Wall. 466; *Green et al.* v. *Spring,* 43 Ill. 280.

The indefinite charge of fraud and notice contained in the bill does not give warrant to this suit against the company. To sustain a charge of fraud and notice thereof, facts must be distinctly stated in the bill. A general, or an indefinite averment, as in this case, is not sufficient. *Newell et al.* v. *Bureau County,* 37 Ill. 253; *Pitman* v. *Sofley,* 64 id. 155; *Jones* v. *Allen,* 70 id. 34; *Davis* v. *Pickett,* 72 id. 484.

Nor does a demurrer admit the truth of a charge unless the charge in the bill is sustained by facts properly stated. *Roby* v. *Cositt,* 78 Ill. 641; *Stow* v. *Russell et al.* 36 id. 18.

Mr. ANDREW D. DUFF, for the appellees:

The law is clear that each party can rely only on such error as relates to and affects the issue presented by him in the lower court, and can not assign an error affecting his co-defendant only. *Robinson* v. *Brown,* 82 Ill. 281; *Grammar*

v. *Harvey*, 53 id. 386; *Gault et al.* v. *Hoagland et al.* 25 id. 266; *Hendrickson* v. *Van Winkle*, 21 id. 274; *Tibbs* v. *Allen*, 27 id. 119.

Since the passage of the acts of 1869 and of 1872, (Rev. Stat. 1874, ch. 22, sec. 30,) possession is wholly immaterial to the right to file a bill to quiet title and remove clouds.

Since the passage of the latter act all that is required by a complainant is to show by his bill that he is either legally or equitably seized in fee of the said lands upon which the cloud rests. *Emory* v. *Cochran*, 82 Ill. 67.

Infants may always file original bills to set aside sales or remove clouds on titles obtained through fraud. *Floyd* v. *Malone*, 23 Ill. 43; *Kuchenbiezer* v. *Beckett*, 41 id. 172; *Hess* v. *Voss*, 52 id. 478.

As to the presumption of delivery in case of voluntary settlement by a parent on minor children, see *Bryan et al.* v. *Wash et al.* 2 Gilm. 557, *Souverbye* v. *Arden*, 1 Johns. Ch. 256, *Clavering* v. *Clavering*, 2 Vern. 473, *Broughton* v. *Broughton*, 1 Atkins, 625, *Bunn* v. *Winthrop*, 1 Johns. Ch. 336, 3 Wash. Real Estate, 255 and 265, and Hill on Trustees, top page 132.

A voluntary settlement fairly made is always binding in equity, unless there be clear and decisive proof that the grantor never parted, nor intended to part, with the possession of the deed, and even if he retains it, the weight of authority is decidedly in favor of its validity, unless there be other circumstances beside the mere fact of retaining it to show it was not intended to be absolute. *Rivard* v. *Walker*, 39 Ill. 413; *Walker* v. *Walker*, 42 id. 311; *Dale* v. *Lincoln*, etc. 62 id. 22; *Masterson* v. *Cheek et al.* 23 id. 72; *Belden et al.* v. *Carter*, 4 Day Cases, 66.

Mr. CHIEF JUSTICE DICKEY delivered the opinion of the Court:

The only question which can be raised by the appellant corporation, relates to the sufficiency of the bill for a founda-

tion of the decree against that corporation. The bill alleges that in his lifetime the father of appellees was the owner of the land in question, in fee, and that he *did* deed and *convey* this land to the appellees by warranty deed.

The bill also alleges, that that deed, being kept in the custody of the father after its execution until his death, fell into the hands of Berry B. Whitson, who fraudulently suppressed, destroyed, or concealed it; that the partition proceedings, under which the appellant corporation claims were instituted fraudulently by those who conducted those proceedings, with a knowledge of the rights of the complainants, and were consummated fraudulently and while complainants were minors, and that before the purchase of the land by the appellant corporation, actual notice was given to the corporation of the rights of the complainants in this regard.

If these allegations be true, and they are confessed by the demurrer of the appellant corporation, it seems plain that the decree against the corporation was just and proper. In the brief filed for appellants, we find a very elaborate discussion of the proofs taken, as against Berry B. Whitson, and other defendants, and of the circumstances attending the supposed execution of this deed; and it is earnestly insisted that, upon the proofs, it appears that Thomas Whitson, at the time of signing, sealing and acknowledging the deed, did nôt intend to part with the title. In other words, that the delivery of the deed, even for the benefit of minors, was not sufficient. This is, however, a question with which the appellant corporation has no concern. The appellant corporation has confessed, by the demurrer, that the father of the complainants did deed and *convey* this property to them by a warranty deed. If so, the title then passed to them, and the fact that the custody of the deed was, after that time, as shown by the bill, in the hands of their father, so long as he lived, could not divest them of the title which they must have received. If the allegation be true, which is found in the bill, that he "did deed and convey" this property to them, the demur-

rer then, of the appellant corporation, was properly overruled, and the decree, as against that corporation, seems unquestionably right.

As to the other appellant, Berry B. Whitson, it is not perceived that he is in any way prejudiced by this decree. He claims no interest in the land. The prayer of the bill was that he should be required to surrender the title papers relating to this land, together with this deed about which this controversy arises; but the decree is silent on that subject. It deprives Berry B. Whitson of no right whatever, nor does it impose upon him any burden. He is not even charged with costs. The appellant corporation alone is directed to pay the costs. Whether the allegation, that Berry B. Whitson fraudulently suppressed the deed or destroyed it, be true, in fact, or not, the interests of Berry B. Whitson are not affected thereby.

The decree of the Circuit Court is affirmed.

*Decree affirmed.*